# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRIS BOSTIC,   CASE NO.: 6:25-cv-01860-PGB-LHP

    Plaintiff,

v.   JURY TRIAL DEMANDED

CRACKER BARREL OLD COUNTRY
STORE, INC., a Foreign Profit Corporation;
and CHRISTOPHER MOORE

    Defendants.
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, DARRIS BOSTIC, (hereinafter "Plaintiff"), by and through undersigned counsel, sues Defendants, CRACKER BARREL OLD COUNTRY STORE, INC., a Foreign Profit Corporation, (hereinafter "Cracker Barrel"), and CHRISTOPHER MOORE (hereinafter "Mr. Moore") and alleges as follows:

### JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceed Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. At all times material hereto, Plaintiff is and was a citizen of Broward County, Florida and is otherwise *sui juris*.

3. At all times material hereto, Defendant Mr. Moore was, upon information and belief, a resident of Florida and was an employee of Cracker Barrel and is otherwise a citizen of the State of Florida.

4. At all times material hereto, Defendant Cracker Barrel was and is an active Foreign Profit Corporation that operated a public restaurant in Osceola County, Florida, and that employed Mr. Moore.

5. That on or about October 15, 2023, Defendant Cracker Barrel owned, operated, maintained and/or controlled the restaurant commonly known as Cracker Barrel, located at 7878 W. Irlo Bronson Memorial Highway, Kissimmee, Osceola County, Florida (hereinafter "the subject premises").

6. That on or about October 15, 2023, Defendant Mr. Moore was an agent, apparent agent, servant, employee, and/or independent contractor of Defendant Cracker Barrel who was acting within the scope of that position to further Cracker Barrel's business interests.

7. The Middle District of Florida is an appropriate venue because the Defendant Cracker Barrel's restaurant is in this District and the events that resulted in Plaintiff's injury that is the subject matter of this lawsuit occurred there.

## GENERAL ALLEGATIONS

8. On or about October 15, 2023, Plaintiff was a business invitee lawfully in the subject premises that is open to the public.

9. At all times material hereto, Defendant Mr. Moore was acting within the course and scope of his employment with Defendant, Cracker Barrel.

10. On or about October 15, 2023, Plaintiff, while eating in the dining room at the subject premises, was hit in the back of the head by a tray of plates carried by Mr. Moore.

11. Plaintiff and his family were seated at a table too small for the number of guests in their party, and the Plaintiff was seated in a crowded area on the aisle.

12. The improper seating in a busy aisle by Defendants constituted a dangerous/hazardous condition.

13. As a result of the Defendants' failure to properly seat the Plaintiff and his family in a safe and reasonable manner, and/or warn the Plaintiff of the dangerous and hazardous condition created by Defendants, the Plaintiff suffered serious injuries.

14. All conditions precedent to the filing of this lawsuit have been satisfied, met and/or waived.

**COUNT I –NEGLIGENCE**
**AGAINST DEFENDANT CHRISTOPHER MOORE**

15. Plaintiff realleges and restates each and every allegation contained in Paragraphs 1 through 14 above, as if fully contained herein, and further alleges:

16. Defendant Mr. Moore owed a duty to Plaintiff to maintain reasonable control over the items he was carrying and to keep the premises in a reasonably safe

3

condition and further, to warn Plaintiff of the existing dangerous and hazardous condition he knew, or in the exercise of reasonable care, should have known existed.

17. The Defendant breached his duty to the Plaintiff and was negligent in one or more of the following ways:

    a. By failing to maintain proper control over the items he was carrying and the manner in which he carried them;

    b. By creating a dangerous condition on the property;

    c. By allowing the dangerous and hazardous condition to exist on the property, which business invitees, such as Plaintiff, would be affected by, thereby creating a dangerous and hazardous condition;

    d. By failing to correct or remedy the dangerous and hazardous condition, although Defendant knew, or in the exercise of reasonable care, should have known existed;

    e. By representing to business invitees, including Plaintiff, that the premises were safe and suitable when, in fact, they were not;

    f. By failing to provide adequate warnings and/or other reasonable notice of the dangerous and hazardous condition to business invitees, including Plaintiff, although Defendant knew, or in the exercise of reasonable care, should have known, existed.

CASE NO.: 6:25-cv-01860-PGB-LHP

18. The dangerous and hazardous condition was caused by the Defendant and had existed for a sufficient length of time so that the Defendant should have been aware of it.

19. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of the ability to perform household services and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

**COUNT II – NEGLIGENCE**
**AGAINST DEFENDANT CRACKER BARREL**

20. Plaintiff realleges and restates each and every allegation contained in Paragraphs 1 through 14 above as if fully contained herein, and further alleges:

21. Defendant Cracker Barrel, as owner of the subject premises, and by and through its agents and employees, owed a duty to Plaintiff to maintain and keep the premises in a reasonably safe condition and further, to warn Plaintiff of the existing dangerous and hazardous condition it knew, or in the exercise of reasonable care, should have known existed.

22. Cracker Barrel breached its duty to the Plaintiff and was negligent in one or more of the following ways:

CASE NO.: 6:25-cv-01860-PGB-LHP

a. By failing to train and supervise its employees in the proper conduct of performing their duties while carrying items through the restaurant;

b. By creating a dangerous condition on its property;

c. By allowing the dangerous and hazardous condition to exist on its property, which business invitees, such as Plaintiff, would be affected by, thereby creating a dangerous and hazardous condition;

d. By failing to correct or remedy the dangerous and hazardous condition, although the Defendant knew, or in the exercise of reasonable care, should have known existed;

e. By representing to its business invitees, including Plaintiff, that its premises were safe and suitable when, in fact, they were not;

f. By failing to provide adequate warnings and/or other reasonable notice of the dangerous and hazardous condition to its business invitees, including Plaintiff, although the Defendant knew, or in the exercise of reasonable care, should have known, existed.

g. By failing to have policies and procedures in place to adequately address preventing or remedying the dangerous and hazardous conditions such as the one described herein; and/or

    h. By failing to adequately train and/or supervise its employees in maintaining a safe location and/or remedy dangerous and hazardous conditions such as the one described herein.

23. The dangerous and hazardous condition was caused by the Defendant and had existed for a sufficient length of time so that the Defendant should have been aware of it.

24. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of the ability to perform household services and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

### COUNT III – VICARIOUS LIABILITY
### AGAINST DEFENDANT CRACKER BARREL

25. Plaintiff realleges and restates each and every allegation contained in Paragraphs 1 through 14 above as if fully contained herein, and further alleges:

26. At all times material hereto, Mr. Moore was an agent, apparent agent, servant, employee, and/or independent contractor of Cracker Barrel and was acting within the course and scope of that position to further Cracker Barrel's business

interests when he negligently caused an unreasonably dangerous condition to exist at Cracker Barrel's public restaurant.

27. At all times material hereto, Mr. Moore was acting within the course and scope of his work with Cracker Barrel to advance Cracker Barrel's interests and Cracker Barrel is therefore vicariously liable for the negligence and damages caused by Mr. Moore, while working for Cracker Barrel's public restaurant.

28. As a direct and proximate result of the aforementioned negligence of Mr. Moore, Plaintiff suffered serious bodily injuries and resulting pain and suffering, disability, physical impairment, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of the ability to perform household services and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgement in its favor, against Defendants for:

a. for compensatory damages in an amount to be proven at trial;

b. for special damages including past and future medical expenses and lost earnings;

c. for general damages for pain and suffering and emotional distress;

CASE NO.: 6:25-cv-01860-PGB-LHP

d. for punitive damages as permitted by law;

e. for any other damages allowed by law;

f. for costs of suit;

g. for pre-judgment and post-judgment interest as allowed by law; and

h. for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED this 14th day of October, 2025.

**BERMAN LAW GROUP**
*Attorneys for Plaintiff*
Post Office Box 272789
Boca Raton, FL 33427
Telephone (561) 826-5200
Facsimile (561) 826-5201

By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq.
Florida Bar No. 70034
mmoore@thebermanlawgroup.com
service@thebermanlawgroup.com

Aaron T. Williams, Esquire
Florida Bar No. 99224
awilliams@thebermanlawgroup.com
service@thebermanlawgroup.com

CASE NO.: 6:25-cv-01860-PGB-LHP

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14th 2025, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system which will send a Notice of Electronic Filing to: Russell F. Bergin, Esquire (russ@berginlaw.com) (eservice@berginlaw.com) Law Office of Russell F. Bergin, P.A., 698 W. Highway 50, Clermont, Florida 34711-2921.

By: */s/ Matthew T. Moore*
Matthew T. Moore, Esq.
Florida Bar No. 70034