UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case Number: 6:25-cv-01860-PGB-LHP

DARRIS BOSTIC,

    Plaintiff,

vs.

CRACKER BARREL OLD COUNTRY
STORE, INC., a Foreign Profit
Corporation, and CHRISTOPHER MOORE,

    Defendants.
_____/

**DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., (hereinafter "CRACKER BARREL"), by and through its undersigned attorney, and hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and in support thereof would state as follows:

**JURISDICTION, VENUE & PARTIES**

1.    Defendant denies that Plaintiff is entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Defendant admits that Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.    Without knowledge, therefore denied.

3. Admitted that Mr. Moore was an employee of Cracker Barrel. All other allegations are without knowledge and therefore denied.

4. Admitted.

5. Admitted that CRACKER BARREL operated, maintained and/or controlled the restaurant commonly known as Cracker Barrel located at 7878 W. Irlo Bronson Memorial Highway, Kissimmee, Osceola County, Florida. CRACKER BARREL owned the restaurant and store but leased the building and real property.

6. Admitted that on October 15, 2023, Defendant Mr. Moore was an employee of Defendant, CRACKER BARREL who was acting within the scope of that position to further Cracker Barrel's business interests. All other allegations are without knowledge and therefore denied.

7. Admitted that the Middle District is an appropriate venue because the allegation Plaintiff asserts against CRACKER BARREL allegedly occurred at CRACKER BARREL's restaurant in the Middle District. All other allegations are without knowledge and therefore denied.

**GENERAL ALLEGATIONS**

8. Admitted that on October 15, 2023, Plaintiff was lawfully on the subject premises that is open to the public. All other allegations are without knowledge and therefore denied.

9. Admitted.

10. Without knowledge, therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. Without knowledge, therefore denied.

## COUNT I – NEGLIGENCE
## AGAINST DEFENDANT CHRISTOPHER MOORE

15. Defendant realleges and reavers all of its responses to Paragraphs 1 through 14 above as if fully set forth herein. All other allegations are denied.

16. Without knowledge, therefore denied.

17. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

18. Denied.

19. Denied.

## COUNT II – NEGLIGENCE
## AGAINST DEFENDANT CRACKER BARREL

20. Defendant realleges and reavers all of its responses to Paragraphs 1 through 14 above as if fully set forth herein. All other allegations denied.

21. Without knowledge, therefore denied.

22. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

23. Denied.

24. Denied.

## COUNT III – VICARIOUS LIABILTIY
## AGAINST DEFENDANT CRACKER BARREL

25. Defendant realleges and reavers all of its responses to Paragraphs 1 through 14 above as if fully set forth herein. All other allegations denied.

26. Denied.

27. Denied as phrased.

28. Denied.

## PRAYER FOR RELIEF

    a. Denied.

    b. Denied.

    c. Denied.

      d. Denied.

      e. Denied.

      f. Denied.

      g. Denied.

      h. Denied.

## AFFIRMATIVE DEFENSES

1. CRACKER BARREL states as an affirmative defense that at the time and place alleged in the First Amended Complaint, Plaintiff was guilty of negligence and/or assumed risk which proximately caused or proximately contributed to any injuries or damages Plaintiff may have sustained, if any, and that, therefore, any award to which Plaintiff may be entitled should be either barred or reduced accordingly, pursuant to the doctrine of comparative negligence.

2. CRACKER BARREL states as an affirmative defense that Plaintiff has failed to mitigate damages as required under Florida Law and any such recovery should be proportionately reduced as a result of the failure heretofore alleged.

3. As an affirmative defense, CRACKER BARREL specifically claims any credit or set off to which it may be entitled to any payments paid or payable to Plaintiff herein for damages alleged in the First Amended Complaint from any collateral source and settlements received or available to Plaintiff whatsoever.

4. CRACKER BARREL affirmatively alleges that as a result of the incident alleged in the First Amended Complaint, Plaintiff has received payments from collateral

sources as that term is defined in applicable Florida Statutes, including, but not limited to, Florida Statute §768.76, and therefore CRACKER BARREL is entitled to a set off or deduction equal to the value of all benefits received by Plaintiff from any collateral source.

5. CRACKER BARREL affirmatively alleges under Florida Statute §768.041 it is entitled to a set off or deduction equal to the sums, which Plaintiff has received by way of settlement from any other person, firm, or corporation as a result of the incident described in the First Amended Complaint.

6. As an affirmative defense, CRACKER BARREL asserts that its alleged conduct was not the proximate cause of Plaintiff's alleged injuries and damages and, therefore, any award of damages would be inappropriate.

7. CRACKER BARREL respectively reserves the right to assert additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

## DEMAND FOR JURY TRIAL

CRACKER BARREL demands a trial by jury of all issues so triable as of right by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7, 2025, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a Notice of Electronic Filing to: Aaron T. Williams, Esquire (awilliams@thebermanlawgroup.com) (service@thebermanlawgroup.com) The Law Offices of Berman & Berman, P.A., Post Office Box 272789, Boca Raton, FL 33427.

Respectfully submitted,

*/s/ Russell F. Bergin*
Russell F. Bergin, Esquire
Florida Bar No: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Telephone: (352) 394-5888
Facsimile: (352) 394-8558
E-mail: Russ@berginlaw.com
E-mail: eservice@berginlaw.com
Attorney for Defendants